UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| **Scott Gill**, | |
| Plaintiff, | Case No. |
| v. | |
| **Citizens Disability, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Scott Gill** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Citizens Disability, LLC** (Defendant):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3.  This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Alabama.

4.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Aniston, Alabama 36207.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with national headquarters located at 1075 Main Street, 4th Floor, Waltham, Massachusetts 02451.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called and sent text messages to Plaintiff on his cellular telephone for solicitation purposes.

13. Plaintiff did not consent to Defendant's calls.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was calling him using an automatic telephone dialing system and automatic and/or pre-recorded messages as he received calls from Defendant that began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

16. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

17. Plaintiff has been on the Do Not Call Registry since April 7, 2019.

18. Upon the initiation of calls or shortly thereafter, Plaintiff demanded that they stop calling and texting his cellular telephone.

19. Once Defendant was informed that its calls and texts were unwanted and that Plaintiff wanted Defendant to stop placing calls to his cellular telephone, its continued calls could have served no lawful purpose.

20. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff repeatedly.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act

of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009).

25. Defendant initiated multiple calls and text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

26. The dialing system used by Defendant to call and text Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

27. The dialing system used by Defendant to call and text Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

28. Defendant's calls and text messages were not made for "emergency purposes."

29. Defendant's calls and text messages to Plaintiff's cellular telephone were without any prior express consent.

30. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## <u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)</u>

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

36. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

37. Defendant texted Plaintiff on one or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RHONDA CLIFFORD, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per text/call (as provided under 47 U.S.C. §227(c));

    d.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    g.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **SCOTT GILL**, demands a jury trial in this case.

Respectfully submitted,

Dated: 03/16/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com